UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAWN WOODWARD (00-A-6563),

                Plaintiff,

v.

CORRECTIONAL OFFICER MULLAH, et al.,

                Defendants.

_____

**REPORT,
RECOMMENDATION
AND ORDER**

08-CV-463(A)(M)

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [9].[1] Before me are defendants' motions to dismiss plaintiff's complaint as against defendant Norman Bezio [4] and to stay discovery as to him [7]. For the following reasons, I recommend that defendants' motion for dismissal be GRANTED, and I order that defendants' motion to stay discovery be DENIED as moot.

**BACKGROUND**

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS"). Complaint [1]. Plaintiff alleges that defendant correctional officers Joseph Mullah, Paul Riccione and Joel Burridge assaulted him on March 22, 2008 at the Attica Correctional Facility and submitted false misbehavior reports regarding the incident (complaint [1], first cause of action), defendant Correctional Officer Brenda Post conspired with these defendants to retaliate against plaintiff and violate his due process rights (id., second cause of action), defendant Lieutenant Thomas Monin violated his due process rights during the tier III disciplinary hearings

---

[1] Bracketed references are to the CM/ECF docket entries.

arising from the assault (id., third cause of action), defendant Superintendent James Conway violated plaintiff's constitutional rights by denying plaintiff's grievances that led to the assault (id., fourth cause of action), and that defendant Bezio, Director of Special Housing Unit, violated plaintiff's constitutional rights by denying plaintiff's tier III appeal on June 16, 2008 (id., fifth cause of action).

## ANALYSIS

### A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___U.S.___, 129 S. Ct. 1937, 1949 (2009).

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

**B.      Plaintiff Has Failed to Allege Sufficient Personal Involvement by Defendant Bezio**

It is the well settled law of this Circuit that a defendant must be personally involved in an alleged constitutional deprivation for a court to award damages under §1983. *See* Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001). The Second Circuit has found that the personal involvement of a supervisory defendant may be shown by evidence that:

> "1) the defendant participated directly in the alleged constitutional deprivation, (2) *the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong*, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (emphasis added).

Plaintiff alleges that defendant Bezio "denied plaintiff's tier three appeal on June 16, 2008 thus allowing the above defendants to get away with violating plaintiff's Constitutional Rights and allowing plaintiff to remain in SHU confinement." Complaint [1], fifth cause of action. Defendants argue that defendant Bezio's conduct in merely denying plaintiff's appeal is insufficient to establish his personal involvement in the underlying alleged due process violation. Defendants' Memorandum of Law [4-2], Point I.

Some courts have found that affirming a hearing officer's determination on appeal alone is sufficient to establish personal involvement under the second Colon factor. *See, e.g.*, Cepeda v. Coughlin, 785 F.Supp. 385, 391 (S.D.N.Y. 1992) ("The Complaint alleges that '[t]he Commissioner and/or his designee entertained plaintiffs appeal and also affirmed.' . . . [T]he allegation that supervisory personnel learned of

alleged misconduct on appeal yet failed to correct it constitutes an allegation of personal participation. Assuming that this allegation is true, as this court must on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) . . . , Cepeda has pleaded personal involvement by Commissioner Coughlin sufficiently to withstand this motion."); Johnson v. Coombe, 156 F. Supp. 2d 273, 278 (S.D.N.Y. 2001) ("The Second Circuit has held that allegations that a superintendent affirmed a prisoner's conviction on administrative appeal were sufficient to allege that the superintendent was personally involved in depriving the prisoner of his due process right to call witnesses. This case is unlike those in which there is no allegation that the supervisor or commissioner had actual or constructive notice of the deprivation in that the prisoner alleges a formal appeals process through which both defendants were on notice. Accordingly, the complaint is not dismissed on these grounds." (citing Williams v. Smith, 781 F.2d 319 (2d Cir. 1986)).

However, other courts have concluded that merely affirming the hearing determination is not a sufficient basis to impose liability. *See, e.g.*, Abdur-Raheem v. Selsky, 598 F. Supp. 2d 367, 370 (W.D.N.Y. 2009) (Larimer, J.) ("The only allegation concerning Selsky in the case at bar is that he affirmed the disposition of plaintiff's administrative segregation hearing, pursuant to which plaintiff was confined to SHU. . . . That is not enough to establish Selsky's personal involvement."); Ramsey v. Goord, 2005 WL 2000144, *6 (W.D.N.Y. 2005) (Skretny, J.) ("the fact that Commissioner Goord and SHU Director Selsky, as officials in the DOCS 'chain of command,' affirmed defendant Ryerson's determination on appeal is not enough to establish personal involvement of their part").

The distinction between these cases appears to be that "while personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results." Hamilton v. Smith, 2009 WL 3199531, *22 (N.D.N.Y. 2009), report and recommendation adopted as modified, 2009 WL 3199520. *See also* Odom v. Calero, 2008 WL 2735868, *7 (S.D.N.Y. 2008) ("The reference in case law to an official who 'fails to remedy' a violation logically applies only to ongoing, and therefore correctable, constitutional violations-not to a specific event that is later subject to formal review by designated officials once the constitutional violation has already concluded.").

Based upon the limited allegations of the complaint, I find that plaintiff has failed to sufficiently allege defendant Bezio's personal involvement in the underlying alleged due process violation. Therefore, I recommend that defendants' motion to dismiss be granted and that the plaintiff's claim against defendant Bezio be dismissed, without prejudice to repleading.

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [4] be GRANTED and that plaintiff's claims against defendant Bezio be dismissed, without prejudice to repleading. I also order that defendants' motion to stay discovery as to defendant Bezio [7] be DENIED as moot. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

November 2, 2009

/s/ Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge