UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN WOODWARD

        Plaintiff,

v.

CORRECTIONAL OFFICER MULLAH, et. al,

        Defendants.

**DECISION AND ORDER**

Case No.: 08-CV-463(A)(M)

---

        This case was referred to me by Hon. Richard J. Arcara in accordance with 28 U.S.C. §636(b) for all pretrial matters as well as to hear and report upon dispositive motions [9].[1] Before me are plaintiff's motions to compel [13, 20, 32] and for sanctions [23], and defendants' motion to compel plaintiff's authorization for the release of his medical records [16]. For the following reasons, I order that all of plaintiff's motions [20, 23, 32] are DENIED with the exception of his motion to compel [13], which is GRANTED in part and DENIED in part, and that defendants' motion to compel plaintiff's medical authorization is [16] GRANTED.

**BACKGROUND**

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS"). Complaint [1]. Plaintiff alleges that defendant correctional officers Joseph Mullah, Paul Riccione and Joel Burridge assaulted him on March 22, 2008 at the Attica Correctional Facility and submitted false misbehavior reports regarding the incident (Complaint [1], first cause of

---

[1]     Bracketed references are to the CM/ECF docket entries.

action), defendant Correctional Officer Brenda Post conspired with these defendants to retaliate against plaintiff and violate his due process rights (id., second cause of action), defendant Lieutenant Thomas Monin violated his due process rights during the tier III disciplinary hearings arising from the assault (id., third cause of action), defendant Superintendent James Conway violated plaintiff's constitutional rights by denying plaintiff's grievances that led to the assault (id., fourth cause of action), and that defendant Norman Bezio, Director of Special Housing Unit, violated plaintiff's constitutional rights by denying plaintiff's tier III appeal on June 16, 2008 (id., fifth cause of action).

**ANALYSIS**

**A.      Plaintiff's Motion to Compel the Production of Documents [13]**

Plaintiff moves to compel production of 8 of the 25 items sought in his initial document demand, alleging that defendants have not fulfilled these discovery requests or have done so "half-heartedly." Plaintiff's Motion to Compel [13], p. 1. Plaintiff also challenges the timeliness of defendants' opposition of his motion, which was due on August 20, 2009 [15], but not filed until August 24, 2009 [24]. Since defendants' response was only a few days late, I will consider it. However, defendants are cautioned that their unexcused failure to comply with further scheduling orders may result in sanctions.

Turning to the merits of plaintiff's motion, "courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976, at *3 (W.D.N.Y. 2009) (Payson, M. J.) (citing In re Subpoena Issued to Dennis Friedman, 350 F. 3d 65, 69 (2d Cir. 2003)). A party has a right to discovery if the material sought meets the standard of being "relevant to any party's

claim or defense." Fed. R. Civ. P. ("Rule") 26(b)(1). The material sought must "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Id. "Reasonably calculated" encompasses "'any possibility that the information sought may be relevant to the subject matter of the action.'" Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The relevance standard . . . is commonly recognized as one that is necessarily broad in its scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Delacruz v. Bennett, 2006 WL 1389770, at *1 (W.D.N.Y. 2006) (Payson, M. J.) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "Once 'any possibility of relevance' sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." Condit v. Dunne, 225 F.R.D. 100, 106 (S.D.N.Y. 2004).

With this standard in mind, I will address plaintiff's document demands individually.

**1.  Plaintiff's March 4, 2008 Letter to Commissioner Fischer and Commissioner Fischer's Response**

Plaintiff's second request seeks his "March 4th, 2008 letter to Commissioner Brian Fischer and Commissioner Fisher's Response". Defendants' Response to Plaintiff's Initial Document Demand [8]. p. 4. In response, defendants state that they "have searched facility records and have not found any correspondence dated March 4, 2008 to Commissioner Brian Fischer from the plaintiff, and therefore cannot locate a response from

Commissioner Brian Fisher. Please provide additional information as to the subject of this letter." Id.

Plaintiff now attaches a copy of his March 4, 2008 letter to Commissioner Fisher. Plaintiff's Motion [13], Ex. A. As defendants highlight, the fact that the letter is undated confirms the accuracy of their response at the time it was made. If this letter is being used to support plaintiff's claims, he should have produced it to defendants. State Declaration [25], ¶11.

Plaintiff having now identified the March 4, 2008 letter he was seeking, defendants shall respond to plaintiff's request for the response to that letter by December 23, 2009.

### 2. Superintendent's March 12, 2008 Commissioner's Report

Plaintiff's fourth request seeks "Superintendent's March 12, 2008 Commissioner's Report." Defendant's Response to Plaintiff's Initial Document Demand [8]. p. 4. In response, "[d]efendants object to this request as it is vague as to the title of the document and no reports match the date referenced." Id. Plaintiff now provides a Case History and Record Report from Attica Correctional Facility, which states in relevant part:

> "A facility report confirms that one of the grievant's issues was recently addressed in a "Commissioner's Report" from the facility superintendent on 3/12/08. Relative to the issue, the superintendent's report did not find evidence of wrongdoing that had been committed by staff nor did its findings support the grievant's allegations." Plaintiff's Motion [13], Ex. B.

Defendants fail to address this aspect of plaintiff's motion. Plaintiff having now identified the report he is referencing in his demand, defendants shall respond to this document

request by December 23, 2009.

### 3. Inspector General's Investigation Report

This aspect of plaintiff's motion is denied as moot[2] because plaintiff acknowledges production of the Inspector General's Investigation Report by defendants. Addendum to Plaintiff's Motion to Compel [14], p. 1. ("On July 21st, 2009 or thereabout defendants served plaintiff with a Supplemental Response to Plaintiff's Request for Production of Documents. . . . The supplement consisted of 57 pages of or from the Inspector General's Office.").

### 4. Plaintiff's February 4, 2008 Letter to Commissioner's Office and Response by the Commissioner's Office

Plaintiff's fifteenth request seeks "plaintiff's February 4, 2008 letter to Commissioner of DOCS received on February 7, 2008 by Commissioner's Office - and responses to by Commissioner's Offices". Defendants' Response to Plaintiff's Initial Document Demand [8], p. 6. In response, defendants state that "[a] copy of plaintiff's letter dated February 4, 2008 . . . to the Commissioner was provided on June 22, 2009 . . . . (Bates Number 078-079). As far the response from the Commissioner, we will need a specific date to reference as there are many more responses from the Commissioner's Office, none of which are

---

[2] Plaintiff's initial motion did not request production of the Inspector General's Investigation Report, but rather objected to its redaction. Plaintiff's Motion to Compel [13], p. 3. In plaintiff's addendum to his motion [14], he acknowledged receipt of additional portions of the Inspector General's Investigation Report, but no longer appears to complain of unnecessary redactions. Addendum to Plaintiff's Motion to Compel [14], pp. 1-2.

dated for the month of February, 2008". Id.

Plaintiff appears to acknowledge that a response from the Commissioner's Office does not exist. Plaintiff's Motion to Compel [13], p. 5 ("[P]laintiff's February 4th, 2008 letter was basically ignored. This is why defendants could not find anything on such"). For this reason, this aspect of plaintiff's motion is denied. However, if plaintiff knows the date for the Commissioner's response, he shall provide it to defendants by December 18, 2009. If plaintiff provides such information, defendants' shall respond to plaintiff's request by December 30, 2009.

### 5. Plaintiff's October 2007 Letter to the Commissioner

Plaintiff's sixteenth request seeks the "October of 2007 letter of to [*sic*] Commissioner's Office by plaintiff on Officer Lodestro of Attica Correctional Facility". Defendant's Response to Plaintiff's Initial Document Demand [8]. p. 7. Defendants object to this request on the basis that "the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The documents being requested concern an unrelated matter." Id.

Although Correctional Officer Lodestro is not a defendant, and the letter was created before the assault, plaintiff's complaint arises out of retaliation for complaints and grievances against correctional officers. This letter is relevant to plaintiff's claims because the defendants' alleged retaliation was not necessarily caused only by the plaintiff's actions against the named defendants. Plaintiff's complaint states that the defendants' actions ". . . [were] in retaliation for prior grievances and complaints that were wrote on two of the above defendants *as*

*well as other defendants employed at this facility and who were posted in housing block B.*"
Plaintiff's Motion to Compel [13], p. 5 (emphasis added).

Therefore, this aspect of plaintiff's motion is granted and defendants shall respond to plaintiff's request by December 23, 2009.

### 6. DOCS' Directive 4944

Plaintiff's nineteenth request seeks an unredacted copy of DOCS' Directive 4944 governing the use of physical force. Defendants' Response to Plaintiff's Initial Document Demand [8]. p. 7. In response, defendants object to this request because "possession of this document by an inmate would jeopardize the good order, safety and security of the Facility". Id. In support of their claim that an unredacted copy of Directive 4944 should not be produced to plaintiff for security reasons, they rely on the Affidavit of Edward R. Bly, Director of DOCS' Corrections Emergency Response Team ("CERT") [26], and have provided an unredacted version of Directive 4944 for my *in camera* review.

Having reviewed Directive 4944, I find that defendants' interest in maintaining prison security outweighs plaintiff's need for an unredacted copy of Directive 4944. Furthermore, the redacted portions of Directive 4944 relate to weapons, firearms and deadly force procedures. However, the claims in this case do not allege the sue of weapons, firearms or deadly force. *See* Delacruz, supra, 2006 WL 1389770 at *2 (denying the plaintiff's motion seeking disclosure of an unredacted version of DOCS employee manual due to security concerns and because the plaintiff failed to demonstrate its relevance).

### 7. Defendants' Work Schedules

Plaintiff's twenty-first request seeks defendants' work schedules for March 22, 24 and 28 and April 2, 3 and 4, 2008. Defendants' Response to Plaintiff's Initial Document Demand [8]. p. 8. In response, defendants "object to this demand as overbroad, burdensome and not calculated to reveal admissible evidence. It would be extremely burdensome to respond to said request for information. In addition plaintiff is made aware if defendants were working on the dates requested by reviewing defendants' FRCV [*sic*] Rule 26(a) discovery response dated June 22, 2009 (Bates 001-229). Finally, on June 17, 2009, I wrote and asked you how this information was relevant. On June 19, 2009, you responded 'I do not have to explain to you how I plan on executing my case.'" Id. Defendants argue that "[t]he incident occurred on 3/22/08 and yet he wants work schedules for 3/24/08; 3/28/08; 4/2/08 and 4/4/08" and production of their work schedules on the day of the assault are not necessary because plaintiff already knows "who was working and what action they took." State Declaration [25], ¶16.

Plaintiff's only argument as to why this information is relevant is that "defendants cannot predict that this request would not lead to admissible evidence." Plaintiff's Motion [13], p. 7. This is not sufficient to meet plaintiff's initial burden. Therefore, this aspect of plaintiff's motion is denied, without prejudice to renewal upon a proper showing.

### 8. DOCS' Employee Manual

Plaintiff's twenty-fourth request seeks a copy of DOCS' Employees and/or Civilian Manual Handbook for DOCS Trainees. Defendants' Response to Plaintiff's Initial Document Demand [8]. p. 8. In response, defendants object to this request because "it seeks

information that is neither relevant nor reasonably calculated lead [*sic*] to the discovery of admissible evidence. Defendants further object to this request as production of these documents raises serious security concerns." Id. Nevertheless, without waiving their objections, defendants have produced a redacted copy of DOCS' Employee Manual. Id. In support of their claim that an unredacted copy of the DOCS' Employee Manual should not be produced to plaintiff for security reasons, they rely on the Affidavit of Edward R. Bly, DOCS' Director of CERT [27], and have provided an unredacted version of DOCS' Employee Manual for my *in camera* review.

Having reviewed DOCS' Employee Manual, I find that defendants' interest in maintaining prison security outweighs plaintiff's need for an unredacted copy of the Employee Manual. Having reviewed the redacted portions of the Employee Manual, I find that they bear no relevance to the excessive force and due process allegations of the complaint and plaintiff does not attempt to argue why the redacted portions are relevant. Plaintiff's Motion [13], p. 8. Therefore, this aspect of plaintiff's motion is denied. *See* Delacruz, supra, 2006 WL 1389770 at *2; Carter v. Kiernan, 1999 WL 1043865, at *1 (S.D.N.Y. 1999)("We see no basis for requiring . . . production [of DOCS' Employee Manual] here, since plaintiff has made no showing of relevance and the Department has legitimate concerns as to the potential for compromising prison security if the plaintiff, who is still an inmate in the Correctional Services system, obtains a copy of those [redacted] sections.").

**B.      Plaintiff's Motion to a Compel Deposition by Written Questions [20]**

Plaintiff seeks to compel responses to his written deposition questions directed at correctional officer J. DeLair and "Attica Correctional Facility's Mailroom Clerk/Personnel".

Plaintiff's Motion [20]. Ex. 4.  In response, defendants argue that plaintiff is seeking discovery from non-parties and should follow the procedures of Rule 31 for depositions by written questions.[3]  I agree with defendants.

In plaintiff's reply, he argues that the procedures for interrogatories should apply to his request for a deposition by written questions.  Plaintiff's Reply [35], ¶¶4-6.  However, to the extent plaintiff continues to identify his request as a deposition by written questions, it remains governed by the procedures of Rule 31.  Plaintiff "need[s] to follow Rule 31(a)(3) and (4) [for depositions upon written questions].  Once all questions for the deponent have been set forth, they are all to be provided to the person conducting the deposition (along with a copy of the notice of deposition), who records the answers."  Drum v. Clarke, 2007 WL 737329, *2 (W.D.Wash. 2007).

Further, "plaintiff is advised that he must bear his own discovery costs, including service of subpoenas on third parties. . . .   Despite Plaintiff's *in forma pauperis* status, Plaintiff bears the burden of ensuring that service is completed according to the dictates of Rule 45."  Id.

For these reasons, plaintiff's motion to compel responses to written depositions is denied without prejudice.

### C.  Plaintiff's Motion to Impose Lesser Sanctions [23]

Plaintiff seeks sanctions for defendants' production to him of the Inspector General's file, that contained his medical records, without an authorization from plaintiff.

---

[3] Although defendants seek oral argument of this motion and plaintiff's motion for sanctions [23], I find that oral argument is unnecessary.  State Declaration [29], ¶3.  Defendants' concerns about plaintiff's motion practice will be addressed at the January 11, 2010 pretrial conference.

Plaintiff's Motion [23]. In response, defendants argue that the medical information disclosed was part of the Inspector General's file, and in any event State regulations (7 N.Y.C.R.R. §§5.24(b), 7.5(b)(7)) permit the disclosure of plaintiff's medical records (as an inmate) to the Attorney General's Office. State Declaration [29], ¶6.

I find nothing improper with defendants' conduct. Any medical information that was disclosed to plaintiff was part of the Inspector General's file, and done so in conjunction with plaintiff's own document demand for the Inspector General's file. [11]. I accept defendants' counsel's representation, as an officer of the court, that "defendants have not obtained his medical records", which, as discussed below, is the subject of defendants' motion to compel a medical authorization. Therefore, plaintiff's motion for sanctions is denied.

D.     **Plaintiff's Motion to Compel Interrogatory Responses [32]**

Plaintiff seeks to compel interrogatory responses from defendant Mullah and responses to written deposition questions from the "Inspector General's Office -specifically- the Investigator". Plaintiff's Motion [32], Ex. C. In response, defendants argue that plaintiff's motion to compel interrogatory responses from defendant Mullah is moot insofar as he has provided his interrogatory responses on August 25, 2009, one day prior to plaintiff's motion. State Declaration [34], ¶5. In opposition to plaintiff's motion to compel a written deposition from the non-party Inspector General's Office, defendants rely on their earlier arguments in opposition to plaintiff's motion to compel a deposition by written questions[20]. Id., ¶6. I agree with defendants, and for these reasons plaintiff's motion is denied.

Although in plaintiff's reply he seeks to question the sufficiency of defendant Mullah's interrogatory responses, this was not the subject of plaintiff's current motion, which only challenges the lack of a response, and will not be addressed herein.

E.      Defendants' Motion to Compel a Medical Records Release [16]

Defendants move for an order pursuant to Rule 37 directing the plaintiff to authorize the release of his medical records. Defendants' Motion [16]. Plaintiff argues that he should not have to comply with defendants' request because he has not put his medical conditions at issue in this suit. See Plaintiff Response [21], p. 2. I disagree.

Plaintiff seeks compensatory and punitive damages for injuries he suffered when he was kicked and punched repeatedly in violation of his Eighth Amendment rights. Complaint [1], First Cause of Action. "Defendants are entitled to these records to confirm the extent of plaintiff's physical injuries due to the alleged incident." Tota v. Bentley, 2008 WL 495508, at *3 (W.D.N.Y. 2008) (Scott, M.J.).

Under these circumstances, defendants's motion is granted. Plaintiff shall provide an executed medical release by December 23, 2009.

**CONCLUSION**

For these reasons, it is ordered that the plaintiff's motions [20, 23, 32] are DENIED with the exception of his motion to compel [13], which is GRANTED in part and DENIED in part, and defendants' motion to compel [16] is GRANTED. Plaintiff shall provide a signed authorization for the release of his medical records and defendants shall produce the

documents set forth herein by December 23, 2009.

A preliminary pretrial conference is set for January 11, 2010 at 11:00 a.m. The parties are reminded of their obligations under Loc. R. Civ. P. 37 to meet and confer before filing any further motions to compel.

**SO ORDERED**.

DATED:        December 4, 2009

<pre>                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge</pre>