UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAWN WOODWARD

     Plaintiff,

v.

CORRECTIONAL OFFICER MULLAH, et. al,

     Defendants.
_____

**DECISION AND ORDER**

08-CV-463(A)(M)

    This case was referred to me by Hon. Richard J. Arcara in accordance with 28 U.S.C. §636(b) for all pretrial matters [9].[1] Before me are plaintiff's motions to compel [66, 82, 107, 119], motion to supplement his claim [94], motions to serve additional discovery [97, 103, 110], and motion to strike [115]. For the following reasons, I order that plaintiff's motion for leave to serve additional interrogatories [103] be granted in part and denied in part, plaintiff's motion for the issuance of a non-party subpoena [110] be granted, and that all of defendants remaining motions [66, 82, 94, 97, 107, 115, 119] be denied.

**BACKGROUND**

    The parties are familiar with the background of this case, which is set forth in my previous Decision and Order dated December 4, 2009 [50] and Report, Recommendation and Order February 22, 2010 [79].

---

   [1]  Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

A.   **Plaintiff's Motion to Strike Declaration of Paul Chappius [115]**

Plaintiff moves to strike the declaration of Paul Chappius, the Deputy Superintendent of Security at Attica, which was submitted with defendants' April 29, 2010 memorandum of law in opposition to plaintiff's motion for leave to serve additional interrogatories upon defendant Mullah [103]. Before I can address that motion, I must resolve plaintiff's motion to strike.

Mr. Chappius' declaration addresses plaintiff's proposed interrogatory requesting prior inmate grievances and complaints filed against defendant Mullah. Defendants' Memorandum of Law [112], Ex. A. He states that compiling such information would be unduly burdensome to DOCS because this information is not cataloged by reference to the staff member who is the subject of the grievance. Id., ¶3.

According to plaintiff, Mr. Chappius "is more than willingly [*sic*] to provide help to defendants and provide any testimony in favor the defendants" and is a "liar". Plaintiff's Motion [115], ¶2(c) and (e).

In order to prevail on a motion to strike, plaintiff must demonstrate "(1) that no evidence in support of the allegation would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant.". Koch v. Dwyer, 2000 WL 1458803, *1 (S.D.N.Y. 2000). There is no evidence that the affidavit given by Deputy Chappius is inadmissible. Plaintiff's speculative assertions that Mr. Chappius is untruthful is not sufficient to strike the affidavit. Therefore, plaintiff's motion to strike is denied.

**B.      Plaintiff's Motions to Compel [66] and to Serve Additional Interrogatories on Defendant Mullah [103]**

Plaintiff's motion to compel [66] seeks to have the defendants provide him with certain filings in <u>Hargrove v. Johnson, et al.</u>, in which defendant Mullah was a defendant. Plaintiff also seeks to serve additional interrogatories on defendant Mullah, to supplement the ten interrogatories that he originally served on him. Plaintiff's Motion [103].[2] Defendants argue that plaintiff's motion to supplement should be denied because the requests are "overly broad, unduly burdensome, cumulative, duplicative and irrelevant". Defendants' Memorandum of Law [112], p. 3.

Plaintiff alleges that defendants Mullah, Riccione, and Burridge assaulted him on March 22, 2008 at the Attica Correctional Facility and submitted false misbehavior reports regarding the incident. Complaint [1], first cause of action. The proposed additional interrogatories seek information concerning: (1) alleged uses of excessive force by defendant Mullah at issue in <u>Hargrove v. Johnson, et al.</u> (plaintiff's proposed interrogatories [104] ¶¶2-6); (2) an incident involving an unnamed African American inmate housed on 23 Company, who was housed in the second double bunk cell between December 2007 and March 2008 and was caught by defendant Mullah with a weapon or drugs while on his way to recreation (¶¶8 and 9); (3) all grievances filed against defendant Mullah and any other report/document that allege misconduct on his part (¶7); and (4) witnesses to the alleged March 22, 2008 incident (¶¶10-12).

A party may serve interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. ("Rule") 33(a)(2). "Actions alleging violations of §1983

---

[2]      The proposed additional interrogatories are set forth at [104].

-3-

require especially generous discovery". Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (Feldman, M.J.). "Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in §1983 actions". Id. "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." Id.

### 1.     Proposed Interrogatories ##1-6 and Plaintiff's Motion to Compel

Proposed additional interrogatories ##1-6, as well as plaintiff's motion to compel, are directed at the alleged used of force at issue in Hargrove v. Johnson, et al., 00-CV-06467(T), a suit in which defendant Mullah is named. At this stage, I conclude that these allegations are relevant to this action. *See* Cox, 174 F.R.D. at 34. However, according to the defendants, the docket sheet and information about this case was provided by defendant Mullah in his prior interrogatory responses. Defendants' Memorandum of Law [112], p. 4. Defendants also argue that specific documents filed in that case are not in their possession, custody and control as required by Rule 34(a), and that plaintiff can easily request this information from the Clerk of the Court. I agree with defendants. "Because defendant's second set of interrogatories . . . seek information Defendants' have had ample opportunity to discover through other means, the Court limits Defendants' second set of interrogatories pursuant to Rule 26(b)(2)(C)." Kiobel v. Royal Dutch Petroleum Co., 2009 WL 1810104, *5 (S.D.N.Y. 2009). Therefore, plaintiff's motion to compel [66] is denied.

By contrast, plaintiff's motion seeking leave to serve additional interrogatories [103] does not request publicly available documents. While information concerning <u>Hargrove v. Johnson, et al.</u>, is available to plaintiff by accessing the documents filed in that case, it is not clear that the information he seeks via his proposed interrogatories would be available from accessing the documents in that case. For example, plaintiff's proposed additional interrogatories ask whether defendant Mullah was "a regular worker in B-Block on 23 company" when the incident occurred, the time of the incident, the sergeant on duty, was use of force used on Hargrove, and documentation relating to the incident. Proposed Additional Interrogatories [104], ¶¶2-6. Therefore, I will grant plaintiff's motion to the extent he seeks to serve proposed interrogatories ## 2-6 [104].

On the other hand, I deny plaintiff leave to serve proposed interrogatory #1, which asks for the allegations made by Hargrove [104]. Such information is publicly available from the complaint in the <u>Hargrove v. Johnson, et al</u>.

2. **Proposed Interrogatory #7**

As discussed above, defendants rely on the declaration of Mr. Chappius, who states that:

> "it would be extremely burdensome to respond to said request for information concerning matters other than investigations by the DOCS Office of the Inspector General. This is so because in my experience, in cases of DOCS records of complaints and grievances filed by inmates and other persons concerning DOCS staff, the record of the complaints and grievances filed by inmates . . . and responses thereto are maintained at every level by reference to the name of the inmate filing the complaint or grievance or who is the subject of the inquiry and not by reference

to the name of the officer . . . who is the subject of the complaint or grievance. As a result, in order to respond to this request, a manual search would have to [sic] conducted of the records of every such complaint and grievance maintained by DOCS . . . . The process of responding to just one such request would require many hours of time and would substantially burden and interfere with DOCS' operations at every level". Defendants' Memorandum of Law [112], Ex. A, ¶¶3, 5.

In addition to the burden to DOCS in responding to plaintiff's proposed interrogatory, "the probative value of a grievance against a correctional officer, which was found to be unsubstantiated during the grievance process, is quite limited". Id., Hart v. Goord, 2010 WL 1644242, *2 (W.D.N.Y. 2010) (Scott, M.J.). "To the extent that the plaintiff's discovery requests seek production of documents filed by any inmate against the defendants, for which no personnel or disciplinary action was taken, and which are not otherwise identified by inmate or date, the request is overly broad and unduly burdensome".

Therefore, I find plaintiff's proposed additional interrogatory [104, ¶7], as written, to be overly broad and burdensome. However, I grant plaintiff leave to serve defendant Mullah with a more specific interrogatory in accordance with this decision.

3. **Proposed Interrogatories ##8 and 9**

I find that plaintiff's proposed interrogatories related to the unidentified inmate caught by defendant Mullah with a weapon or drugs are not relevant to the excessive force claims at issue here. Therefore, I deny plaintiff's motion insofar as it seeks to serve proposed additional interrogatories ##8 and 9.

4.  **Proposed Interrogatories ##10-12**

Although defendants believe that plaintiff's proposed interrogatories directed at witnesses to the alleged March 22, 2008 incident (proposed interrogatories [104], ##10-12) are cumulative, they do not oppose this aspect of the motion. Defendants' Memorandum of Law [112], p. 6. Therefore, this aspect of plaintiff's motion is granted.

C.  **Plaintiff's Motion to Compel Interrogatory Responses [82]**

Plaintiff seeks to compel interrogatory responses from defendant Burridge regarding a staff planning grid that was produced to him during discovery. Plaintiff's Motion [82]. Defendants initially objected to the interrogatories directed at the staff planning grid on relevancy and confidentiality grounds. Id., ¶5. In response to plaintiff's motion, defendants continue to raise these objections. State Declaration [88], ¶¶10, 11. They rely on the declaration of Mr. Chappius, who states that "disclosure of the requested information could compromise safety and security at the facility and disclosure may present a threat to institutional safety and security or the life and well being of staff and other persons". State Declaration [88], Ex. E, ¶4. He explains that "a staff planning grid details the security staffing of the facility. It shows where staff are assigned and how many people are assigned. To provide the plaintiff with particular information about the meaning of codes on the staff planning grid wold essentially be like providing the plaintiff with the key to the security of a facility which would obviously compromise the security of the facility". Id.

Based upon this representation, I find that the confidentiality of this information outweighs plaintiff's interest in obtaining this information. *See* Delacruz v. Bennett, 2006 WL

1389770, *2 (W.D.N.Y. 2006) (Payson, M.J.)("I find that the defendants' strong interests in maintaining inmate safety and prison security outweigh the plaintiff's need for an unredacted copy of the Employee Handbook"). As explained by defendants, plaintiff can obtain the whereabouts of the defendants by posing an interrogatory asking what the defendants' duties were on the day in question. State Declaration [88], ¶9. Therefore, plaintiff's motion to compel [82] is denied.

### D.  Plaintiff's Motion to Supplement Claim with State Law/Constitutional Violation [94]

Plaintiffs' motion to supplement his complaint [94], which fails to attach a proposed supplemental complaint, is denied, without prejudice to re-filing with a proposed supplemental complaint. *See* North Forest Development, LLC v. Walden Ave. Realty Associates, LLC, 2008 WL 5245329, *4 (W.D.N.Y. 2008) ("'Failure to attach the proposed amendment . . . may result in denial of leave to amend'"); La Barbera v. Ferran Enterprises, Inc., 2009 WL 367611, *3 (E.D.N.Y. 2009)("Denial of the motion to amend is also warranted by Plaintiffs' unexplained failure to submit a proposed pleading").

### E.  Plaintiff's Motion to Serve Deposition By Written Questions [97]

As an individual granted *in forma pauperis* status, plaintiff moves for leave to serve depositions by written questions by U.S. Marshal on: (1) Correctional Officer Shawn McIntyre; (2) Correctional Sergeant Corcoran; (3) inmate Jermaine Wright; (4) "Inmate who was housed in B-Block on 23 company in 7 cell (on March 22, 2008), next door to plaintiff"; (5)

"Inmate who was housed in B-Block on 23 company in 2 or 3 cell, top bunk (on March 22, 2008) on 23 company in 2 or 3 cell". Plaintiff's Motion [97], ¶¶1-5. In response, defendants argue that plaintiff has provided no information as to the name of the officer before whom the deposition will be taken and has not identified how or if he will pay for the discovery costs associated with taking a deposition by written questions pursuant to Rule 31. Consequently, defendants argue that it would be futile to order the U.S. Marshals to serve documents that are not in compliance with Rule 31. Defendants' Memorandum of Law [102], p. 3.

Depositions upon written questions are governed by Rule 31. "Pursuant to 28 U.S.C. §1915(a), Plaintiff's *in forma pauperis* status entitles him to . . . free service of process by United States Marshals, however, it does not entitle him to waiver of witness fees, mileage or deposition officer fees". Jackson v. Woodford, 2007 WL 2580566, *1 (S.D.Cal. 2007); Malik v. Lavalley, 994 F. 2d 90, 90 (2d Cir.1993) ("Federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant"); Murray v. Palmer, 2006 WL 2516485, *4 (N.D.N.Y. 2006) ("a litigant *proceeding in forma pauperis* does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts.").

However, plaintiff's deposition notices fail to comply with Rule 31, which requires that the notice of deposition upon written questions set forth the officer before whom the deposition will be taken. Rule 31(a)(3). Therefore, plaintiff's motion is denied, without prejudice to renewal upon compliance with Rule 31.

### F. Plaintiff's Motion to Compel Production of Documents [107]

Plaintiff moves to compel the production of several items sought in his March 31, 2010 request for additional disclosures, including: (1) trial minutes for court appearances by plaintiff before the Wyoming County Court; (2) all communications, motions, discovery or any other pleadings filed by Neal J. Mahoney, Esq. or Gerald Stout, Esq. of the Wyoming County Public Defenders Office; and (3) grand jury minutes from March 22, 2008. Plaintiff's motion to compel [107], ¶3. In response to these discovery requests, defendants stated that "the requested documents are not in 'possession, custody or control' of the defendants" (Defendants' Discovery Response [101]), and in response to plaintiff's motion, they similarly argue that they are not in control of communications "between the plaintiff and his criminal defense attorneys, the prosecutors, grand jury minutes, or communications by the judge assigned to his criminal case". Defendants' Memorandum of Law [113], p. 3.

"A request for documents does not include the obligation to create information or documents which a party does not control or possess". UB Foundation Activities, Inc. v. IT Healthtrack, Inc., 2009 WL 4042937, *5 (W.D.N.Y. 2009)(Foschio, M.J.) (citing Rule 34(a) (party required to produce documents in its "possession, custody or control"). Accepting defendants' counsel's representations, as an officer of the court, that defendants are not in possession, custody or control of documents responsive to plaintiff's requests, plaintiff's motion to compel is denied.

**G.    Plaintiff's Motion For the Issuance of a Non-Party Subpoena [110]**

Plaintiff moves to serve Neal J. Mahoney, Esq. of the Wyoming County Public Defenders Office, a non-party, with a subpoena requesting the grand jury minutes arising from his August 29, 2008 indictment, the trial minutes before the Wyoming County Court, and documents filed in connection with this case. Plaintiff's Motion [110].

As a result of the alleged March 22, 2008 incident at issue here (Complaint [1], first cause of action), plaintiff was charged with a crime that resulted in him pleading to attempting to promote prison contraband in the first degree. Defendants' Memorandum of Law [122], Ex. A, pp. 9-10. Neil Mahoney, Esq., of the Wyoming County Public Defenders Office represented plaintiff with respect to these charges. Id., pp. 32-33.

Defendants argue that this information is irrelevant. However, as plaintiff points out, the requested materials "obvious[ly] . . . relate[] to admissible and relevant evidence concerning this suit because this suit is based on - in part - to the incident of 3-22-08 to which the criminal charge stemmed from". Plaintiff's Reply [123], ¶3. Even if I had concerns with the relevancy of the requested discovery, "in the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non - party witness". Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975).

Therefore, plaintiff's motion for a non - party subpoena is granted.

**H.    Plaintiff's Motion to Compel Interrogatory Responses [119]**

Plaintiff seeks to compel interrogatory responses from defendant Delair. Plaintiff's Motion [119]. I previously granted plaintiff leave to add defendant Delair to the

second cause of action of the complaint alleging that he was denied effective assistance in preparing for his disciplinary hearing [79].

    **1.    Interrogatory ##4-6**

Interrogatory #4 states, "from the details of an assistant's job as described in response #3 (above) are the duties, same or different for a tier three hearing?" [118].[3] In turn, interrogatory #5 asks, "if your answer to #4 above is 'the same' describe why so?" and interrogatory #6 states "if your answer to #4 about is 'different' describe why so?" Id. In response to each of these interrogatories, defendant Delair responded, "this interrogatory is objectionable in that it is vague and calls for a legal opinion and conclusion. Without waiving this objection, please refer to the response to interrogatory #3". Id.

I find that defendant Delair adequately responded to these interrogatories by providing information within his knowledge. Simply because plaintiff believes that defendant Delair (or his counsel) has the ability to provide a more knowledgeable answer is insufficient to compel a further response. "An answer to an interrogatory which differs from that expected or believed to be the case by the requesting party, does not render the answer insufficient under [Rule] 33(b)(3)". Cowart v. Abdel-Razzaq, 2010 WL 1533381, *3 (W.D.N.Y. 2010) (Foschio, M.J.).

---

[3] These interrogatories follow interrogatory #3, which asks, "what is the job of assistant in detail?" and defendant Delair responded, "I have no personal knowledge as to the specific regulatory duties of an inmate assistant. My attorney informs me that [citing and quoting the various regulations applicable to inmate assistants]" [118].

### 2. Interrogatory #16

Interrogatory #16 asks "if an inmate requested his assistant to provide or do something and the assistant failed/refused to document it on the assistance form is the inmate allowed to document such on the assistant form?" [118]. In response to this interrogatory, defendant Delair stated: "This question is objectionable in that it is vague, calls for speculation and calls for legal opinion and conclusion. Without waiving any objections, I have no personal knowledge that would enable me to respond to this question. Please see the response to Interrogatory #3 above". Id.

Plaintiff argues that defendant Delair's interrogatory response was "inappropriate since the answer to question #3 does not answer [the] question". Plaintiff's Motion [119], ¶8. Irrespective of whether defendant DeLair's response to interrogatory #3 is responsive to plaintiff's inquiry, defendant Delair responded that he lacked the personal knowledge necessary to respond. "If a party does not have the knowledge or information necessary to answer an interrogatory, it is sufficient to state such lack of knowledge as an answer, under oath." Kenneth v. Nationwide Mut. Fire Ins. Co., 2007 WL 3533887, *18 (W.D.N.Y. 2007) (Foschio, M.J.). Additionally, this question poses a hypothetical. Such "interrogatories calling for an opinion based on hypothetical facts are improper". Mobil Oil Co. v. Department of Energy, 1982 WL 1135, *3 (N.D.N.Y. 1982). Therefore, I find defendant Delair's response to be adequate.

### 3. Interrogatory #17

Interrogatory #17 asks "what is the purpose of an 'assistant form?'" [118]. In response to this interrogatory, defendant Delair stated: "This question is objectionable in that it

is vague, calls for speculation and calls for legal opinion and conclusion. Without waiving any objections, I have no personal knowledge that would enable me to respond to this question. Please see the response to Interrogatory #3 above". Id. Additionally, defendant Delair attached a copy of plaintiff's assistant form to his interrogatory responses [118].

Plaintiff argues that "the answer to #3 did not provide an answer to #17". Plaintiff's Motion [119], ¶9. Again, defendant Delair's statement that he lacks the personal knowledge necessary to respond to the interrogatory is sufficient. *See* Kenneth, 2007 WL 3533887 at *18. Therefore, I find defendant Delair's interrogatory response to be adequate.

4. **Interrogatory ##18-19**

Interrogatory #18 asks whether "the hearing officer generally goes by the information documented on the assistant form at a hearing for the purposed [*sic*] of what an inmate requested, received and/or was denied, yes or no?" and interrogatory #19 asks "if your answer to #18 is 'yes' explain why and/or if your answer to #18 is 'no' explain why?" [118]. In response to each of these interrogatories, defendant Delair responded: "This question is objectionable in that it is vague, calls for speculation and calls for a legal opinion and conclusion. Without waiving any objections, I have no personal knowledge that would enable me to respond to this question. I was not the hearing officer in this case. Please see the response to Interrogatory #3 above". Id.

Plaintiff argues that "the answer to #3 did not provide an answer to # . . . 18, and 19". Plaintiff's Motion [119], ¶9. However, defendant Delair's statement that he lacks the personal knowledge necessary to respond to the interrogatory is a sufficient response. *See*

Kenneth, 2007 WL 3533887 at *18.  As explained in defendant Delair's interrogatory response, he is unable to answer plaintiff's interrogatories because he was not the hearing officer.  If he has not already done so, plaintiff may direct a similar interrogatory to the hearing officer.

        5.        **Interrogatory #20**

Interrogatory #20 asks, "other than the 'initial meeting' with plaintiff give the 'dates' and 'times' of the other meeting(s) with plaintiff?" [118].  In response, defendant Delair stated: "This question is objectionable in that it is vague.  Without waiving any objections, I do not recall meeting with the plaintiff other than as indicated on The Assistant Form (Bates #00174); Assistant Selection Form (Bates #00175) and Case Data Worksheet (Bates #00181). My attorney informs me that these documents have already been provided". Id.

Plaintiff argues that defendant Delair "answered from 'recollection whereas defendant should have answered for [*sic*] DOCS records/data, easily accessible to defendant's counsel".  Plaintiff's Motion [119], ¶10.  However, it is evident from defendant Delair's response that he attempted to respond to this interrogatory by relying on various documents.  Therefore, I find defendant Delair's response to be adequate.

        6.        **Interrogatory #22**

Interrogatory #22  asks whether "at the bottom of the assistant form where it says 'assistant's signature' is this where the employee who 'completed' the tier assistance should sign?" [118]. In response, defendant Delair stated:  "This question is objectionable in that it is

vague, calls for speculation and calls for a legal opinion and conclusion. My name, along with the name of "B Post" does appear at the bottom of Bates #000174". Id.

According to plaintiff, defendant Delair's response was deficient to the extent he "was not asked where his name appears, but about a section to the assistant form where the assistance's [*sic*] sign?" Plaintiff's Motion [119], ¶11. However, I find that defendant's Delair's response was sufficient. If plaintiff has a specific question concerning the assistant's signature, he may serve a more targeted interrogatory.

### 7. Interrogatory #23

Interrogatory #23 asks, "on the 'date' and 'time' logged on the 'assistant form' next to 'assistant's signature' were you in Attica's SHU on that date and time?" [118]. In response, defendant Delair stated: "This question is objectionable in that it is vague. Without waiving any objections, the form has the date of '3/28/08 9:07' (Bates #000174) and I have no recollection exactly where I was on that date at that time." Id.

According to plaintiff, defendant Delair could have provided an answer to this interrogatory "from DOCS' records/data". Plaintiff's Motion [119], ¶12. This is sheer conjecture on plaintiff's part. There is no indication that DOCS maintains records that would detail defendant Delair's location on a date and specific time approximately two years ago. Therefore, defendant Delair's statement that he lacks the personal knowledge necessary to respond to the interrogatory is sufficient. *See* Kenneth, 2007 WL 3533887 at *18.

## CONCLUSION

For these reasons, it is ordered that plaintiff's motion for leave to serve additional interrogatories [103] is granted in part and denied in part, plaintiff's motion for issuance of a non-party subpoena [110] is granted, and that all of plaintiff's remaining motions [66, 82, 94, 97, 107, 115, 119] are denied.

The Clerk of the Court is directed to issue the requested subpoena to plaintiff [110], and to send it to him together with the copy of this order and the proper U.S. Marshals Service forms to obtain service of the subpoena. Plaintiff is directed to fill in only the front of the subpoena with respect to the documents sought. Plaintiff must then submit the subpoena to the Court with the completed U.S. Marshals Service form for the subpoena. Upon receipt, the Clerk of the Court is directed to cause the U.S. Marshals Service to serve the subpoena by certified mail.

**SO ORDERED.**　　　　　　　　　　　　　　　　　/s/ Jeremiah J. McCarthy
　　　　　　　　　　　　　　　　　　　　　　　　　JEREMIAH J. MCCARTHY
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED:　　　July 29, 2010